■ In the Matter of the Claim of PHILIP R. MORAN, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— GREENBLOTT, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 24, 1967, disqualifying claimant from unemployment insurance benefits, effective November 4, 1966, on the ground that he voluntarily left his employment without good cause. Appellant was employed by the publisher of a chain of newspapers for eight years, and for the last three years had served as editor of the Ossining Citizen-Register. The employer required that published editorials be in agreement with the basic policy of the paper on community questions as determined by its executive officers. Accordingly, appellant was required to submit his editorials on local issues to the editorial director of the publisher before they appeared in print. Prior to an election in 1966, claimant wrote an editorial supporting the incumbent mayor for re-election. Editorial approval was withheld and appellant thereupon announced that he no longer would serve as editor of that paper since he was not permitted to exercise his editorial judgment. The employer offered appellant the position of copy editor of the city desk of a newspaper in another community at the same salary, but appellant refused. The board found: " Claimant's personal disagreement with the employer's policy does not absolve him from compliance, because regardless of the merits of the disagreement, the decision as to what editorial was to be published in the employer's newspaper was entirely the employer's * * *. Furthermore, claimant's refusal to carry out the employer's direction would constitute an election by claimant not to meet a condition of his employment." The board's determination is amply supported by the record. On the evidence the board could find that appellant was not asked to undertake any affirmative action in conflict with his conscience, or to favor any political views not his own, since he did not sign or write any editorial to which he objected. Claimant was aware

that he did not have complete authority to write whatever he chose in the editorial columns. As a matter of fact, most of the editorials were not written by him. The rules governing editorial procedure were a condition of his employment, which he was not entitled to disregard (see *Matter of Karman* [*Lubin*], 2 A D 2d 626). Decision affirmed, without costs. Herlihy, P. J., Reynolds, Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Greenblott, J.